

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00051-CV
_____

CAILEY THOMPSON AND DAVID BUSTILLOS, APPELLANTS

V.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2017-524,372, Honorable John J. "Trey" McClendon III, Presiding

August 1, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellants, Cailey Thompson and David Bustillos, appeal from the trial court's *Final Order* denying them attorney's fees and sanctions against Appellee, the Department of Family and Protective Services. Their claims arose from the Department's *Petition for Orders in Aid of Investigation of a Report of Child Abuse or Neglect*, which they contend was a frivolous filing. They present six issues alleging abuse of discretion by the trial court in denying their request for sanctions under sections 10.001(2) and 10.001(3) of the Texas Civil Practice and Remedies Code and in denying them fees, expenses, and

reasonable attorney's fees under section 105.002 of the Code, known as the Frivolous Claims Act. We affirm.

## BACKGROUND

In June 2020, the Department received an intake of possible child abuse by Thompson and Bustillos of their then four-year-old son. Bustillos was allegedly selling marihuana and Thompson was aware of his dealings. He stored it in large coolers inside the home. A Department investigator, Jesse Sixtos, and another co-worker, went to the home of Thompson and Bustillos to investigate the allegation of neglectful supervision and assess the home. Thompson answered the door and told Sixtos that Bustillos was not home. She denied the investigators entry because her child was asleep. Sixtos then asked if she could bring the child to the door so he could take a photograph. She allowed the child to be photographed but denied any questioning. She agreed the investigators could enter the front room of the house and eventually allowed them entry into her bedroom. Sixtos asked her to open a closet door when he smelled marihuana emanating from inside. She complied and he observed a large cooler with a white lid. When he asked if she could open the lid, she ordered the investigators to "get the F out." She also told them she would not be cooperating with any drug testing or interviews.[1]

Based on the investigation, the Department believed there was "good cause" for issuance of an ex parte order to aid in its investigation of alleged child abuse and on July 1, 2020, filed its *Petition For Orders in Aid of Investigation of a Report of Child Abuse or*

---

[1] Thompson testified she was "100 percent sure" he asked her and not "y'all" about submitting to interviews and drug testing.

2

*Neglect* under section 261.303(b) of the Family Code, entitled "Interference With Investigation; Court Order."[2]  The statute provides as follows:

> If admission to the home, school, or any place where the child may be cannot be obtained, then for good cause shown the court having family law jurisdiction shall order the parent . . . to allow entrance for the interview, examination, and investigation.

The petition was supported by Sixtos's affidavit.  The Department requested an ex parte order authorizing a representative to immediately access the home, school, or other location to interview and examine the child for possible abuse or neglect.

On July 6, 2020, an associate judge examined the Department's petition and affidavit and found probable cause to conduct an investigation and granted the requested relief.  The judge found there was good cause for the Department to have investigatory access to Thompson, Bustillos, and the child, as well as the home.  In its order, the judge informed the parties of their right to timely file a written request for a de novo hearing by the referring court, the 137th District Court, Lubbock County.  Neither Thompson nor Bustillos sought a de novo hearing challenging the order.[3]

In response to the Department's petition, Thompson and Bustillos filed an answer entering a general denial and pleading they were prepared to defend against the

---

[2] Thompson and Bustillos clarified in their reply brief they argued the substance of section 261.303(b) in their original brief, but due to a scrivener's error inadvertently cited to section 261.303(a).

[3] A temporary order issued by an associate judge becomes final after the expiration of the statutory period permitted for the filing of a request for a de novo hearing.  *See* TEX. FAM. CODE ANN. §§ 201.007(a)(14)(C), (c), 201.015(a).  *See also* § 201.012(a).

3

Department's petition for an investigative order.[4]  They sought attorney's fees, expenses, and costs.[5]

On October 15, 2020, the Department filed a motion to dismiss and notice of nonsuit because the family had moved out of Texas.  The trial court granted the motion and dismissed the order in aid of investigation without prejudice.

Following dismissal of the Department's petition, Thompson and Bustillos requested relief pursuant to the Frivolous Claims Act.  TEX. CIV. PRAC. & REM. CODE ANN. § 105.002.  They alleged under section 105.002(2), the dismissal entitled them to recover reasonable attorney's fees because the Department's suit against them was frivolous.  They also moved for sanctions against the Department's attorney under Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Civil Practice and Remedies Code.

The trial court held a final hearing on July 19, July 22, August 5, August 24, September 30, and October 5, 2021, to determine whether Thompson and Bustillos's allegations entitled them to relief.  In its order, the trial court found the Department's petition was not frivolous and denied Thompson and Bustillos's request for sanctions and reasonable attorney's fees.

---

[4] "A party's failure to request a de novo hearing before the referring court . . . does not deprive the party of the right to appeal or request other relief from a court of appeals or the supreme court."  TEX. FAM. CODE ANN. § 201.016(a).

[5] Thompson and Bustillos filed a petition for writ of mandamus in this Court asserting the associate judge abused her discretion by granting the Department's petition for an order in aid of investigation.  The proceeding was later dismissed pursuant to an unopposed motion.  *See In re C.T.*, No. 07-20-00193-CV, 2020 Tex. App. LEXIS 9181, at *1 (Tex. App.—Amarillo Nov. 23, 2020, orig. proceeding).

Here, Thompson and Bustillos assert the trial court abused its discretion by failing to find the Department's petition was frivolous, that its attorney's conduct was sanctionable, and in denying them attorney's fees. They contend the Department had not yet determined whether the child was at risk when it petitioned for an order in aid of investigation.

**APPLICABLE LAW**

Chapter 10 of the Texas Civil Practice and Remedies Code pertains to the trial court's authority to impose sanctions. TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.002, 10.003. Section 10.001 provides, in relevant part, the signing of a pleading constitutes a certificate by the signatory formed "*after reasonable inquiry*" that:

\*\*\*

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 10.001. (Emphasis added).

Section 105.002 of the Code provides a party to a civil suit by or against a state agency in which the agency asserts a cause of action against the party is entitled to recover, in addition to all other costs allowed by law or rule, a total amount not to exceed $1,000,000 for fees, expenses, and reasonable attorney's fees *if the court finds the action is frivolous and the action is dismissed* or judgment is awarded to the party. *See* TEX.

5

Civ. Prac. & Rem. Code Ann. § 105.002. (Emphasis added). On appeal, the parties do not challenge the order under Rule 13 (sanctions) of the Texas Rules of Civil Procedure.

## STANDARD OF REVIEW

The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether it acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

## ANALYSIS

Thompson and Bustillos's six issues are founded on their contentions the trial court abused its discretion by erroneously applying the law and erroneously assessing the evidence. They contend the Department's attorney failed to make a reasonable inquiry as required by section 10.001 before filing a petition for orders in aid of investigation. We disagree.

During Sixtos's testimony, he acknowledged he had not yet assessed a determination of risk to the child when the Department filed its petition but explained he was concerned about the child's young age and possible exposure to marihuana. He testified drug screens were required to rule out any risk to the child. During his home visit, he asked Thompson "[a]re y'all going to cooperate, and are y'all going to do drug screens?" He clarified his questioning referred to both Thompson and Bustillos despite his absence at the time.

6

Sixtos continued his testimony by describing legal staffing following his brief investigation. He met with his supervisor, the Department's attorney, and others to discuss his observations, history with the Department, and any criminal history. According to his supervisor, once Thompson ordered Sixtos to leave her home, he had no choice but to do so immediately without any further investigation.

The Department's attorney testified she considered a past case in deciding to file the petition. She recalled a family-based case from 2018, in which the parents admitted to drug use, but the case had been closed after they completed their services in 2019. The attorney expressed concern with new drug allegations so soon after the family-based case. Although she testified, she did not believe the child was in immediate danger, she had concerns for his safety given his age, which the Department considers vulnerable when under five. She testified the pleadings she filed were warranted under the facts and existing law.

Courts presume pleadings are filed in good faith. TEX. R. CIV. P. 13; *Green v. Mem'l Park Med. Ctr., Inc.*, No. 07-15-00143-CV*, 2016 Tex. App. LEXIS 3111, at *14 (Tex. App.—Amarillo March 25, 2016, no pet.) (mem. op.) (noting groundlessness alone insufficient and requiring a showing of bad faith, harassment, or false when made). Based on the testimony presented, the Department's allegations had evidentiary support. There was evidence of a prior history with the Department involving drug use and positive drug tests. Sixtos's affidavit provided evidence of marihuana in the house from the smell in the closet. The record demonstrates the Department conducted a reasonable inquiry into the allegations prior to filing its petition. The evidence also demonstrates there was a legal basis to support the Department's petition. Thompson and Bustillos have not

overcome the presumption that the petition was filed in good faith.  Nor have they shown the trial court abused its discretion in denying them sanctions or attorney's fees against the Department.  Issues one through six are overruled.

## CONCLUSION

The trial court's *Final Order* denying Thompson and Bustillos attorney's fees and sanctions is affirmed.

Alex Yarbrough
Justice
